**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EL BURRITO LOCO OF ILLINOIS, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-5984 |
| | ) | |
| CRAZY BURRITO INC., a corporation; | ) | Hon. |
| and DAVID H. WITTHOEFT, | ) | |
| | ) | Mag. Judge |
| Defendants. | ) | |

**COMPLAINT FOR INFRINGEMENT OF TRADEMARK UNDER THE**
**LANHAM ACT (15 U.S.C. §§ 1051, et seq.) AND FOR OTHER RELIEF**

Plaintiff EL BURRITO LOCO OF ILLINOIS, INC., for its Complaint against Defendants CRAZY BURRITO INC. and DAVID H. WITTHOEFT, hereby complains and alleges as follows:

**Nature of the Case**

1.       This case arises out of the unauthorized use by Defendants of a federally-registered service mark ("the El Burrito Loco Mark") owned by Plaintiff. In addition to violating Plaintiff's statutory and common law trademark rights, Defendants committed violations of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.,* and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* In addition, Defendants are liable to Plaintiff under common law principles, unfair competition, accounting, and unjust enrichment.

2.       Plaintiff brings this action to enjoin and redress the continuing infringement of its service mark rights, and for other relief. This action is brought pursuant to Sections 32 and 43 of the Trademark Act of 1946, as amended (15 U.S.C. §§ 1051, et seq.) (also known as the

Lanham Act), the laws of the State of Illinois, and 28 U.S.C. § 2201 (with respect to declaratory relief).

## Parties, Jurisdiction and Venue

3.       El Burrito Loco of Illinois, Inc. ("El Burrito Loco" or "Plaintiff") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at Bolingbrook, Illinois.  Plaintiff has been operating one or more Mexican food restaurants in the Chicago, Illinois metropolitan area since 1991, and presently licenses the "El Burrito Loco" name and mark to multiple Mexican food restaurants in the Chicago, Illinois metropolitan area.

4.       Defendant Crazy Burrito Inc. ("Crazy Burrito") is a corporation organized and existing under the laws of the State of Illinois, which has its principal place of business at 7516 South Cass Avenue, Darien, Illinois.  Crazy Burrito conducts its Mexican restaurant business as "Crazy Burrito," "The Crazy Burrito," and "The Crazy Burrito Authentic Mexican Cuisine."

5.       David H. Witthoeft ("Witthoeft") is an individual and a citizen of the State of Illinois, residing at 11S415 Rachael Court, Willowbrook, Illinois.  Witthoeft is the president and principal owner of Crazy Burrito.

6.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, supplemental jurisdiction under 28 U.S.C. § 1367.

7.       Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b) because the activities complained of occurred here, including the unauthorized use and display of the El Burrito Loco Mark in violation of Plaintiff's trademark rights, and because Defendants reside in this district.

8.     This Court has personal jurisdiction over Defendants because the activities complained of occurred here, including the unauthorized use and display of the El Burrito Loco Mark in violation of Plaintiff's trademark rights.

## Allegations Common to All Counts

### A.     The El Burrito Loco Mark

9.      Plaintiff is well known as a Mexican food restaurant owner and operator in the Chicago, Illinois metropolitan area.

10.     On August 15, 2011, Plaintiff applied for a USPTO trademark for "El Burrito Loco," which was registered in the Principal Register on April 3, 2012, Registration Number 4121577. (A copy of the USPTO registration certificate is attached to this Complaint as Exhibit A.) Such registration gave Plaintiff nationwide protection for the El Burrito Loco Mark, regardless of the geographic area in which it was actually using or now uses the Mark. Under the Lanham Act Plaintiff's registration placed Defendants and all others on constructive notice of its rights, prohibiting anyone other than the Plaintiff or its licensees from using the Mark and those similar.

11.     Plaintiff has the exclusive right to use and to sublicense the El Burrito Loco Mark and derivations thereof, including the Mark's English language equivalent.  Plaintiff has continuously used the El Burrito Loco Mark since and prior to the date of its Federal registration. That registration is in full force and effect, unrevoked and uncancelled pursuant to 15 U.S.C. § 1065.

12.      Plaintiff has invested substantial effort over a long period of time, including the expenditure of substantial sums of money, to develop goodwill in its service mark and domain name, and to cause consumers throughout Illinois and nearby states to recognize the El Burrito Loco Mark as distinctly designating Plaintiff's Mexican restaurants as originating with Plaintiff.

3

13.     Although the value of the goodwill developed in the El Burrito Loco Mark does not admit of precise monetary calculation, because Plaintiff is widely known as a provider of Mexican restaurants in the Chicago metropolitan area, the value of Plaintiff's goodwill is substantial.

## B.  The Prior Relationship Between the Parties

14.     Prior to 2012, the Defendant Witthoeft was a 49% shareholder, and also an officer and director, of a corporation, El Burrito Loco of Darien, Inc., that owned and operated an El Burrito Loco restaurant located on Cass Avenue in Darien, Illinois, across the street from the present location of the Crazy Burrito Mexican restaurant located at 7516 South Cass Avenue in Darien. Several current owners of Plaintiff held the remaining 51% stake, and also served as directors and officers of the company.

15.     During the period of time that the above El Burrito Loco restaurant in Darien, Illinois was in operation, it was allowed to use the name "El Burrito Loco"  by the owner of the registered El Burrito Loco Mark (the Plaintiff in this action).

16.     The El Burrito Loco restaurant in Darien ceased doing business on or about July 31, 2014, and formally closed shortly thereafter.  El Burrito Loco of Darien, Inc., the corporation that had owned and operated the El Burrito Loco restaurant in Darien, was dissolved in September of 2014.

17      In June, 2014, Witthoeft, in violation of his fiduciary duties as an officer and director of El Burrito Loco of Darien, Inc., incorporated Crazy Burrito, Inc.  Shortly after the El Burrito Loco restaurant in Darien closed, Witthoeft opened the Crazy Burrito restaurant at 7516 South Cass Avenue, Darien, Illinois.

18.     The phrase "Crazy Burrito" is the English language equivalent of El Burrito Loco, without the article "el," or "the" in English.   Plaintiff never authorized, licensed or consented to Crazy Burrito's or Witthoeft's use of the El Burrito Loco Mark, or marks that are confusingly similar to the El Burrito Loco Mark.  Neither Crazy Burrito nor Witthoeft ever made a request of Plaintiff to use that Mark or marks similar thereto.

19.     Shortly after opening the Crazy Burrito restaurant on Cass Avenue in Darien, Witthoeft, on the Crazy Burrito website and Facebook page, posted the following statement:

> The Crazy Burrito was started in August of 2014....but there's a bigger history here that some people may not know about.  Before August 2014, we were located across the street as "El Burrito Loco".  We've been in business for 23 years now and are hoping to continue to provide great food and service for many years to come.  We'd like to thank those who have been loyal to us for 5,10,15, and even 20 years; you are all appreciated.  We'd also like to thank our daily new customers for giving us a chance to fill your belly and hopefully turn you into a repeat customer.  Come on in, bring a few friends, and enjoy!

20.     On the Crazy Burrito website, beginning no later than August, 2016 and continuing into 2019, Witthoeft and Crazy Burrito, posted the following statement:

> People travel from miles around to enjoy the best Mexican food at Crazy Burrito. It is considered a staple Mexican food restaurant in Chicago's suburbs for both the food selection and the service.  We take pride in our family friendly atmosphere and our variety menu items.  Here no guest ever leaves hungry!

> Before Crazy Burrito was created, the restaurant used to be located across the street and known as El Burrito Loco.  Then the strip mall needed to be renovated, so Dave decided to brand his own Mexican restaurant by changing the name, relocating, and adding several tastier menu choices.

> You can always count on the excellent consistency of food at The Crazy Burrito. We stick to our commitment of great service, a quality product and an affordable price.  Enjoy unlimited free fresh chips and salsa every day.

5

21.     Neither Crazy Burrito nor Witthoeft has any right to use the El Burrito Loco Mark for any purpose.

22.     Neither Crazy Burrito nor Witthoeft has any right to state, advise, imply, advertise, or otherwise communicate to the general public, or to anyone, that Crazy Burrito and El Burrito Loco are in any manner the same company, or are or have been connected, associated or affiliated with one another, or that Crazy Burrito is the successor to, or a re-named version, of El Burrito Loco.  Any statement, advisement, advertisement, implication, or communication to the effect that Crazy Burrito and El Burrito Loco are in any manner the same company, or are or have been connected, associated or affiliated with one another, or that Crazy Burrito is the successor to, or a re-named version, of El Burrito Loco, is not true.

23.     By letter dated May 21, 2019, Plaintiff, through its attorney, informed both Defendants that their continued use of the El Burrito Loco Mark, or a substantially identical or similar mark or name in an English language version was unauthorized, and demanded that said Defendants:

(a) cease and desist from using the name, words or mark "Crazy Burrito" or the like (including but not limited to, all references to "Crazy Burrito" on the Internet);

(b) turn over for destruction all items in Crazy Burrito's possession or control bearing the name, words or mark "Crazy Burrito" or the like;

(c) reimburse EBL for its lost profits incurred due to the Crazy Burrito's infringing sales;

(d) reimburse EBL for its attorneys' fees and costs incurred in connection with this matter; and

(e) sign an enforceable agreement that recites the terms on which this matter is resolved.

A true copy of the May 21, 2019 letter is attached hereto as Exhibit B.

24.     [intentionally left blank]

25.     Defendants briefly engaged in settlement discussions with plaintiff's counsel, but stopped communicating with such counsel or responding to counsel's letters and calls, on about July 22, 2019.

26.     Despite the above-described written directions to cease and desist, as of the date of the filing of this Complaint, Defendants have used and displayed, and continue to use and display, the mark or name "Crazy Burrito," or "the Crazy Burrito," or the "Crazy Burrito Authentic Mexican Cuisine," which is the identical or substantially similar English language equivalent of the El Burrito Loco Mark, in defendants' exterior and interior signage at their Crazy Burrito restaurant, in menus and documents used by or associated with such restaurant, on Crazy Burrito's website and Facebook page, or otherwise in open trade and commerce readily available and apparent to consumers and to the general public.

## COUNT ONE - SECTION 32 OF THE LANHAM ACT

27.     Plaintiff repeats and makes a part of this Count One each allegation set forth in paragraphs 1 through 26 of this Complaint.

28.     Section 32 of the Lanham Act, 15 U.S.C. § 1114(l)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant, use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…shall be liable in a civil action by the registrant. . ."

29.     Defendants have used, marketed, promoted, and advertised, and continue to use, market, promote, and advertise, its Mexican restaurant in Darien, Illinois, through the unauthorized use of the El Burrito Loco Mark in its English language equivalent, "Crazy Burrito." In particular, Defendants have continued to display "Crazy Burrito" prominently on signs on the exterior and interior of its Facility, and have used and displayed such name on the Crazy Burrito website and Facebook page. Such use has caused and is likely to continue to cause confusion, mistake and deception as to the source and authority for offering Mexican restaurant goods, foods and services, and as to the quality of those goods, foods and services among prospective or actual customers. Defendants' actions therefore infringe upon the exclusive rights granted to Plaintiff by its federal service mark registration, all in violation of 15 U.S.C. § 1114.

30.     Defendants' ongoing acts of infringement are malicious, fraudulent, willful and deliberate. Defendants have appropriated and used the El Burrito Loco Mark, in its English language equivalent, with, at all times pertinent hereto, actual knowledge of Plaintiff's registration of it, with an intent to cause confusion, mistake and deception of the consuming public.

31.     As a result of Defendants' ongoing acts of infringement, Plaintiff faces irreparable injury to its business, including but not limited to loss of sales, profits, business reputation and goodwill, losses which are virtually impossible to calculate. In addition, Defendants' actions have caused Plaintiff damages in an amount yet to be determined.

32.     Plaintiff has no adequate remedy at law.

33.     No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

WHEREFORE, Plaintiff prays for the following relief:

8

A.     The entry of a judgment adjudging and declaring that:

i.  Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully

registered with the United States Patent and Trademark Office, and that Plaintiff  is the sole

owner of said registration;

ii.  Defendants, jointly and severally, have infringed and continue to infringe Plaintiff's El

Burrito Loco Mark, and are liable, under Section 32 of the Lanham Act, to Plaintiff for such

infringement;

iii.  Defendants' infringement of  Plaintiff's El Burrito Loco Mark was malicious, fraudulent,

willful and deliberate, and therefore Plaintiff is entitled to actual damages for such infringement,

injunctive relief, and costs and attorneys' fees incurred in prosecuting this action.

B.     The entry of a preliminary and permanent injunction enjoining and

restraining Defendants from in any manner using, marketing, promoting, showing, and

advertising, including using the same on its website and social media, the El Burrito Loco Mark

and/or its English language equivalent, "Crazy Burrito," with respect to Defendants' Mexican

restaurant in Darien, Illinois, or elsewhere or otherwise,

C.     The entry of a money judgment in favor of Plaintiff and against

Defendants, jointly and severally, in the amount of the injury to Plaintiff's business sustained as a

result of the aforesaid acts of infringement, including but not limited to loss of sales, profits,

business reputation and goodwill, and damages in an amount to be determined by the Court.

D.     The entry of a money judgment in favor of Plaintiff and against

Defendants, jointly and severally, in the amount of Plaintiff's costs and attorneys' fees incurred

in prosecuting this action.

E.     The entry of an order in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as the Court may deem just and equitable under the facts and circumstances of this case.

## COUNT TWO — SECTION 43(a) OF THE LANHAM ACT

34.     Plaintiff repeats and makes a part of this Count Two each allegation set forth in paragraph 1 through 33 of this Complaint.

35.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in relevant part that "[a]ny person who, on or in connection with any goods or services…uses in commerce any word, term, name, symbol…or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation…or as to the origin, sponsorship, or approval of goods [or] services…shall be liable in a civil action..."

36.     The acts of Defendants in marketing and promoting their restaurant known as Crazy Burrito constitute (a) a false designation of origin; (b) a false and misleading description of fact; and (c) a false and misleading representation of fact, which have caused and are likely to continue to cause confusion, mistake, or deception, as to the affiliation of Plaintiff's El Burrito Loco restaurants with Defendants' restaurant, and with the sponsorship or approval of the restaurant facilities and services that Plaintiff provides, all in violation of Section 43(a) of the Lanham Act.

37.     Defendants' ongoing acts of infringement are malicious, fraudulent, willful and deliberate.  Defendants have, at all times pertinent hereto, used the El Burrito Loco Mark with actual knowledge of Plaintiff's registration of it, with an intent to cause confusion, mistake and deception of the consuming public.

38.     As a result of Defendants' ongoing acts of infringement, Plaintiff faces irreparable injury to its business, including but not limited to loss of sales, profits, business reputation and goodwill, losses which are virtually impossible to calculate. In addition, Defendants' actions have caused Plaintiff damages in an amount yet to be determined.

39.     Plaintiff has no adequate remedy at law.

40.     No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

WHEREFORE, Plaintiff prays for the following relief:

A.     The entry of a judgment adjudging and declaring that:

i.  Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully registered with the United States Patent and Trademark Office, and that Plaintiff  is the sole owner of said registration;

ii.  The acts of Defendants in marketing and promoting their restaurant known as Crazy Burrito constitute (a) a false designation of origin; (b) a false and misleading description of fact; and (c) a false and misleading representation of fact, which have caused and are likely to continue to cause confusion, mistake, or deception, as to the affiliation of Plaintiff's El Burrito Loco restaurants with Defendants' restaurant, and with the sponsorship or approval of the restaurant facilities and services that Plaintiff provides, all in violation of Section 43(a) of the Lanham Act, and that Defendants, jointly and severally, have infringed and continue to infringe Plaintiff's El Burrito Loco Mark, and are liable, under Section 43(a) of the Lanham Act, to Plaintiff for such infringement;

iii.  Defendants' infringement of  Plaintiff's El Burrito Loco Mark was malicious, fraudulent,

willful and deliberate, and therefore Plaintiff is entitled to actual damages for such infringement, injunctive relief, and costs and attorneys' fees incurred in prosecuting this action.

B.     The entry of a preliminary and permanent injunction enjoining and restraining Defendants from in any manner using, marketing, promoting, showing, and advertising, including using the same on its website and social media, the El Burrito Loco Mark and/or its English language equivalent, "Crazy Burrito" with respect to Defendants' Mexican restaurant in Darien, Illinois, or elsewhere or otherwise.

C.     The entry of a preliminary and permanent injunction enjoining and restraining Defendants from in any manner marketing and promoting their restaurant known as Crazy Burrito thereby constituting (a) a false designation of origin; (b) a false and misleading description of fact; and (c) a false and misleading representation of fact, which have caused and are likely to continue to cause confusion, mistake, or deception, as to the affiliation of Plaintiff's El Burrito Loco restaurants with Defendants' restaurant, and with the sponsorship or approval of the restaurant facilities and services that Plaintiff provides.

D.     The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of the injury to Plaintiff's business sustained as a result of the aforesaid acts of infringement, including but not limited to loss of sales, profits, business reputation and goodwill, and damages in an amount to be determined by the Court.

E.     The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of Plaintiff's costs and attorneys' fees incurred in prosecuting this action.

F.     The entry of an order in favor of Plaintiff and against Defendants granting

Plaintiff such other and further relief as the Court may deem just and equitable under the facts and circumstances of this case.

## <u>COUNT THREE — SECTION 43(d) OF THE LANHAM ACT</u>

41.     Plaintiff repeats and makes a part of this Count Three each allegation set forth in paragraph 1 through 40 of this Complaint.

42.     Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A), provides in relevant part that "[a] person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or service of the parties, that person – (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and (ii) registers, traffics in, or uses a domain name that --  (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;…".

43.     Plaintiff is the owner and user of the registered domain name "elburritoloco.com" which domain name was registered on or about May 13, 2005.

44.     The Defendants, subsequent to the use and registration by Plaintiff of the domain name "elburritoloco.com," and use and registration of the El Burrito Loco Mark, have registered, used and trafficked in the domain name "mycrazyburrito.com," which is confusingly similar to the Plaintiff's registered domain name "elburritoloco.com."

45.     In their registration, trafficking, and use of the domain name "mycrazyburrito.com," Defendants had a bad faith intent to profit from the Plaintiff's El Burrito Loco Mark given that the domain name "mycrazyburrito.com," is confusingly similar to the El Burrito Loco Mark and to the Plaintiff's registered domain name "elburritoloco.com."

46. Defendants' ongoing acts of infringement and unlawful conduct as set forth in paragraphs 44 and 45 above are in bad faith, malicious, fraudulent, willful and deliberate.

47. As a result of Defendants' ongoing acts of infringement and unlawful conduct as set forth in this Count III, Plaintiff faces irreparable injury to its business, including but not limited to loss of sales, profits, business reputation and goodwill, losses which are virtually impossible to calculate. In addition, Defendants' actions have caused Plaintiff damages in an amount yet to be determined.

48. Pursuant to 15 U.S.C. § 1117(d), Plaintiff has the option to elect to recover, prior to trial, statutory damages in an amount of not less than $1,000 and not more than $100,000.

WHEREFORE, Plaintiff prays for the following relief:

A. The entry of a judgment adjudging and declaring that:

i. Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully registered with the United States Patent and Trademark Office, and that Plaintiff is the sole owner of said registration;

ii. Plaintiff owns and uses the registered domain name "elburritoloco.com."

iii. The acts of Defendants in their registration, trafficking, and use of the domain name "mycrazyburrito.com," and in their marketing and promoting their restaurant known as Crazy Burrito, constitute (a) a false designation of origin; (b) a false and misleading description of fact; and (c) a false and misleading representation of fact, which have caused and are likely to continue to cause confusion, mistake, or deception, as to the affiliation of Plaintiff's El Burrito Loco restaurants with Defendants' restaurant, and with the sponsorship or approval of the restaurant facilities and services that Plaintiff provides, all in violation of Section 43(a) and 43(d)

14

of the Lanham Act, and that Defendants, jointly and severally, have infringed and continue to infringe Plaintiff's El Burrito Loco Mark, and are liable, under Section 43(a) and 43(d) of the Lanham Act, to Plaintiff for such infringement;

iv.  Defendants'  domain name "mycrazyburrito.com," is confusingly similar to the El Burrito Loco Mark and the Plaintiff's registered domain name "elburritoloco.com."

v.  Defendants' infringement of  Plaintiff's domain name "elburritoloco.com," by the use of the confusingly similar domain name "mycrazyburrito.com" and the El Burrito Loco Mark was and is in bad faith, malicious, fraudulent, willful and deliberate, and therefore, under Section 43(d) of the Lanham Act, Plaintiff is entitled to money damages for such infringement and unlawful conduct.

      B.      The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of the injury to Plaintiff's business sustained as a result of the aforesaid acts of infringement, including but not limited to loss of sales, profits, business reputation and goodwill, and damages in an amount to be determined by the Court.

      C.      In the alternative, at Plaintiff's election before trial, the entry of a money judgment of statutory damages in favor of Plaintiff and against Defendants, jointly and severally, in the maximum amount as allowed by 15 U.S.C. § 1117(d).

      D.      The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of Plaintiff's costs and attorneys' fees incurred in prosecuting this action, pursuant to 15 U.S.C. § 1117(a) .

      E.      The entry of an order in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as the Court may deem just and equitable under the facts

and circumstances of this case.

## COUNT FOUR - ILLINOIS DECEPTIVE PRACTICES ACT

49.     Plaintiff repeats and makes a part of this Count Four each allegation set forth in paragraph 1 through 48 of this Complaint.

50.     In carrying out the acts described above, Defendants each have sought, among other trade practices, (a) to pass off their restaurant facility and services as those of Plaintiff, (b) to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of those facility and services, and (c) to cause a likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Plaintiff.

51.     Defendants' actions therefore violate the Illinois Deceptive Trade Practices Act, 815 ILCS 5 10/1 *et seq.,* and constitute willful violations of that Act.

WHEREFORE, Plaintiff prays for the following relief:

A.     The entry of a judgment adjudging and declaring that:

i.          Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully registered with the United States Patent and Trademark Office, and that Plaintiff  is the sole owner of said registration;

ii.          The acts of Defendants in marketing and promoting their restaurant known as Crazy Burrito constitute the following unlawful trade practices: (a) passing off their restaurant facility and services as those of Plaintiff, (b) to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of those facility and services, and (c) to cause a likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Plaintiff.

iii.          Defendants' actions violate the Illinois Deceptive Trade Practices Act, 815 ILCS

16

5 10/1 *et seq.,* and constitute willful violations of that Act, i.e. (a) a false designation of origin; (b) a false and misleading description of fact; and (c) a false and misleading representation of fact, which have caused and are likely to continue to cause confusion, mistake, or deception, as to the affiliation of Plaintiff's El Burrito Loco restaurants with Defendants' restaurants, and with the sponsorship or approval of the restaurant facilities and services that Plaintiff provides, and that Defendants are liable, under the Illinois Deceptive Trade Practices Act, 815 ILCS 5 10/1 *et seq.*, to Plaintiff for such infringement;

B.     The entry of a preliminary and permanent injunction enjoining and restraining Defendants from in any manner (a) passing off their restaurant facility and services as those of Plaintiff, (b) causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of those facility and services, and (c) causing a likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Plaintiff.

C.     The entry of an order in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as the Court may deem just and equitable under the facts and circumstances of this case.

## COUNT FIVE - ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

52.     Plaintiff repeats and makes a part of this Count Five each allegation set forth in paragraph 1 through 51 of this Complaint.

53.     By their violation of the Illinois Deceptive Trade Practices Act, as set forth in Count III, and by their deceptive and continued use of the El Burrito Loco Marks in unfair competition with Plaintiff, each of the Defendants have violated the Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 ILCS 505/1 *et seq.*

WHEREFORE, Plaintiff prays for the following relief:

A.    The entry of a judgment adjudging and declaring that:

i.    Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully registered with the United States Patent and Trademark Office, and that Plaintiff is the sole owner of said registration;

ii.    The acts of Defendants in marketing and promoting their restaurant known as Crazy Burrito constitute the following unlawful and unfair trade practices:, among other trade practices, (a) deceptive and continued use of the El Burrito Loco Marks in unfair competition with Plaintiff, (b) passing off their restaurant facility and services as those of Plaintiff, (c) to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of those facility and services, and (d) to cause a likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Plaintiff.

iii.    Defendants' unlawful and unfair trade practices violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.,* and constitute willful violations of that Act, and that Defendants are liable, under the such Act to Plaintiff for such unlawful and unfair trade practices.

B.    The entry of a preliminary and permanent injunction enjoining and restraining Defendants from in any manner committing the following unlawful and unfair trade practices: (a) deceptive and continued use of the El Burrito Loco Marks in unfair competition with Plaintiff, (b) passing off their restaurant facility and services as those of Plaintiff, (c) to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of those facility and

18

services, and (d) to cause a likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Plaintiff.

        C.     The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of the injury to Plaintiff's business sustained as a result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.,* including but not limited to loss of sales, profits, business reputation and goodwill, and damages in an amount to be determined by the Court.

        D.     The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, for punitive and exemplary damages, in an amount to be determined by the Court.

        E.     The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of Plaintiff's costs and attorneys' fees incurred in prosecuting this action.

        F.     The entry of an order in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as the Court may deem just and equitable under the facts and circumstances of this case.

## COUNT SIX - COMMON LAW UNFAIR COMPETITION

54.     Plaintiff repeats and makes a part of this Count Six each allegation set forth in paragraph 1 through 53 of this Complaint.

55.     Defendants' acts, as described above, reflect their intentional imitation and passing off of their restaurant facility and services as having received the sponsorship or approval of Plaintiff and met Plaintiff's quality standards, without Plaintiff's authority, consent

or privilege. Such conduct constitutes unfair competition with Plaintiff in violation of the common law of the State of Illinois.

56. Unless defendants' unfair competition is restrained and enjoined by this Court, Plaintiff will continue to suffer irreparable harm and injury.

WHEREFORE, Plaintiff prays for the following relief:

A. The entry of a judgment adjudging and declaring that:

i. Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully registered with the United States Patent and Trademark Office, and that Plaintiff is the sole owner of said registration;

ii. The acts of Defendants in marketing and promoting their restaurant known as Crazy Burrito constitute the following unlawful and unfair trade practices:, among other trade practices, (a) deceptive and continued use of the El Burrito Loco Marks in unfair competition with Plaintiff, (b) passing off their restaurant facility and services as those of Plaintiff, and/or as having received the sponsorship or approval of Plaintiff and having met Plaintiff's quality standards, without Plaintiff's authority, consent or privilege, (c) to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of those facility and services, and (d) to cause a likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Plaintiff.

iii. Defendants' unlawful and unfair trade practices constitutes unfair competition with Plaintiff in violation of the common law of the State of Illinois.

B. The entry of a preliminary and permanent injunction enjoining and restraining Defendants from in any manner committing the following unlawful and unfair trade practices: (a) deceptive and continued use of the El Burrito Loco Marks in unfair competition with Plaintiff, (b)

passing off their restaurant facility and services as those of Plaintiff, and/or as having received the sponsorship or approval of Plaintiff and having met Plaintiff's quality standards, without Plaintiff's authority, consent or privilege, (c) to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of those facility and services, and (d) to cause a likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Plaintiff.

        C.     The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of the injury to Plaintiff's business sustained as a result of the aforesaid violations of the Defendants' unfair competition with Plaintiff in violation of the common law of the State of Illinois, including but not limited to loss of sales, profits, business reputation and goodwill, and damages in an amount to be determined by the Court.

        D.     The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, for punitive and exemplary damages, in an amount to be determined by the Court.

        E.     The entry of an order in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as the Court may deem just and equitable under the facts and circumstances of this case.

## COUNT SEVEN - ACCOUNTING

57.     Plaintiff repeats and makes a part of this Count Seven each allegation set forth in paragraph 1 through 56 of this Complaint.

58.     Defendants have engaged in acts and practices, as described above, which amount to infringement of the El Burrito Loco Mark in an unlawful, unfair, and fraudulent manner which is likely to confuse the public.

59.     On information and belief, Defendants derived financial benefit from their unlawful and unauthorized use of the El Burrito Loco Mark and name, and/or its English language equivalent, Crazy Burrito.

60.     As a result, Defendants owe restitution and the disgorgement of profits, in an amount presently unknown to Plaintiff, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Defendants.

WHEREFORE, Plaintiff prays for the following relief:

A.     The entry of a judgment adjudging and declaring that:

i.     Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully registered with the United States Patent and Trademark Office, and that Plaintiff  is the sole owner of said registration;

ii.     Defendants have engaged and continue to engage in violations of the Lanham Act, the Illinois Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and common law unfair competition, as a result of which the Defendants derived financial benefit;

iii.     Defendants owe restitution and the disgorgement of profits to Plaintiff, which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Defendants; therefore, Plaintiff is entitled to such accounting.

B.     The entry of an order requiring defendants to account to Plaintiff, under the supervision and direction of the Court, as to all receipts and disbursements, profit and loss

statements, and other financial materials, statements and books from Defendants.

C.       The entry of an order in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as the Court may deem just and equitable under the facts and circumstances of this case.

## COUNT EIGHT - UNJUST ENRICHMENT

61.       Plaintiff repeats and makes a part of this Count Eight each allegation set forth in paragraph 1 through 60 of this Complaint.

62.       Defendants have benefited, at Plaintiffs' loss and expense, from their wrongful and unauthorized use of the El Burrito Loco Mark and name, and/or its English language equivalent, Crazy Burrito, and from their various acts of unfair competition as alleged above, and have paid no royalty or other recurring fees to Plaintiff in return for that benefit.

63.       Defendants' failure to compensate Plaintiff for Defendants' aforesaid benefits received, at Plaintiff's loss and expense, constitutes unjust enrichment to Defendants and has damaged Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

A.       The entry of a judgment adjudging and declaring that:

i.       Plaintiff is the lawful owner of the El Burrito Loco Mark, that said Mark has been lawfully registered with the United States Patent Office, and that Plaintiff is the sole owner of said registration;

ii.   Defendants have benefited, at Plaintiffs' loss and expense, from their wrongful and unauthorized use of the El Burrito Loco Mark and name, and/or its English language equivalent, Crazy Burrito, and from their various acts of unfair competition as alleged above, and have paid no

royalty or other recurring fees to Plaintiff in return for that benefit.

    iii.          Defendants have been unjustly enriched, at Plaintiff's loss and expense, in the amount of the benefits received by Defendants from their wrongful and unauthorized use of the El Burrito Loco Mark and name, and/or its English language equivalent, Crazy Burrito, and from their various acts of unlawful and unfair competition, and therefore the Defendants owe restitution, and the disgorgement of such benefits to Plaintiff.

    B.    The entry of an order requiring Defendants to account Plaintiff, under the supervision and direction of the Court, as to all benefits received by Defendants from their wrongful and unauthorized use of the El Burrito Loco Mark and name, and/or its English language equivalent, Crazy Burrito, and from their various acts of unlawful and unfair competition.

    C.    The entry of a money judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of the unjust enrichment realized by Defendants.

    D.    The entry of an order in favor of Plaintiff and against Defendants granting Plaintiff such other and further relief as the Court may deem just and equitable under the facts and circumstances of this case.

**TEEPLE LEONARD & ERDMAN**

DATED: September 6, 2019        By:   */s/ John L. Leonard*
                                          John L. Leonard
                                          Michael H. Erdman
                                          Teeple Leonard & Erdman
                                          111 West Jackson Blvd., Ste. 1700
                                          Chicago, IL 60604
                                          Tel: 312-675-6083
                                          Fax: 267-280-8183
                                          jlleonard@teeplelaw.com